UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUSTAFA FTEJA,<br><br>               Plaintiff,<br><br>   vs.<br><br>FACEBOOK, INC.,<br><br>              Defendant. | Civil Action No. 1:11-cv-00918 (RJH) (MHD) |

**DEFENDANT FACEBOOK, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO TRANSFER VENUE, MOTION TO DISMISS,
AND MOTION FOR A MORE DEFINITE STATEMENT**

 

**COUGHLIN DUFFY LLP**
Wall Street Plaza
88 Pine Street, 28th Floor
New York, New York 10005
(212) 483-0105
*Attorneys for Facebook, Inc.*

## **TABLE OF CONTENTS**

Page

INTRODUCTION ..................................................................................................................1

BACKGROUND ....................................................................................................................1

ARGUMENT ..........................................................................................................................2

    A.    The Court Should Transfer this Case to the Northern District of California. ...........2

        1.    This Case Could Have Been Brought in the Northern District of California ..................................................................................................2

        2.    The Court Should Transfer this Case to the Northern District of California Mainly Because Plaintiff Agreed to Litigate his Claims in that District. ..................................................................................................2

        3.    The Court Should also Transfer this Case to the Northern District of California Because It Is the More Convenient and Appropriate Forum ......3

    B.    Plaintiff's Complaint Should Be Dismissed with Prejudice Because He Has Not and Cannot State a Viable Breach-of-Contract Claim or Discrimination Claim ...............................................................................................9

        1.    Dismissal under Federal Rule of Civil Procedure 12(b)(6) .........................9

        2.    Plaintiff's Breach-of-Contract Claim Fails Even If the Facts He Alleges Are True ..........................................................................................9

        3.    Plaintiff's Discrimination Claim Fails Because It Is Wholly Conclusory .................................................................................................11

    C.    If the Court Declines to Transfer this Case and Declines to Dismiss the Complaint, It Should Order Plaintiff to Provide a More Definite Statement of His Claims ............................................................................................................12

CONCLUSION .....................................................................................................................13

## INTRODUCTION

Pro se Plaintiff Mustafa Fteja accuses Facebook, Inc. ("Facebook") of unspecified contract breaches and acts of discrimination. His claims are meritless and do not belong in this Court. Plaintiff willingly agreed to resolve any disputes with Facebook in the state or federal courts of Santa Clara County, in the Northern District of California. The Northern District of California is also a far more convenient and appropriate forum. Thus, Facebook respectfully moves to transfer this case to the Northern District of California under 28 U.S.C. § 1404(a). Alternatively, Facebook moves to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff has not stated and cannot state a claim upon which relief can be granted. If the Court declines to grant either of those motions, Facebook moves for a more definite statement of Plaintiff's claims under Federal Rule of Civil Procedure 12(e).

## BACKGROUND

Plaintiff is a resident and citizen of New York. *See* Complaint ("Compl.") ¶ 1. Facebook has its principal place of business in Palo Alto, California. *See* Declaration of Ana Yang ("Yang Decl.") ¶ 2. As a result, Facebook is a citizen of California for jurisdictional purposes. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010).

On January 25, 2011, Plaintiff filed a complaint against Facebook in the Supreme Court of the State of New York, County of New York. That complaint contains 14 cursory allegations and a lone prayer for relief of $500,000 in damages. *See* Compl. ¶¶ 1-15. While it is not entirely clear, Plaintiff seems to allege that Facebook breached a contract with him and discriminated against him on the basis of his religion and ethnicity when it disabled his free Facebook account for harassing other users. *See id.* ¶¶ 8, 14.

Facebook removed the case to this Court on diversity grounds on February 9, 2011.

## ARGUMENT

### A. The Court Should Transfer this Case to the Northern District of California

The Court should transfer this case to the Northern District of California under 28 U.S.C. § 1404(a) because (1) Plaintiff agreed to litigate his claims in that district and (2) that district is a more convenient and appropriate forum for litigating this case.

In deciding whether to transfer a case under 28 U.S.C. § 1404(a), a district court first determines whether the case could have been brought in the proposed transferee district. If so, the district court then considers whether transfer serves the "convenience of parties and witnesses" and the "interest of justice." 28 U.S.C. § 1404(a). *See also Herbert Ltd. P'ship v. Electronic Arts, Inc.*, 325 F. Supp. 2d 282, 285 (S.D.N.Y. 2004). A district court exercises broad discretion when deciding whether to transfer a case. *See id.*; *see also Royal & Sunalliance v. British Airways*, 167 F. Supp. 2d 573, 576 (S.D.N.Y. 2001).

#### 1. This Case Could Have Been Brought in the Northern District of California

It is clear that Plaintiff could have filed his complaint in the Northern District of California. Courts in that district could exercise subject matter jurisdiction over this case because the parties are diverse—Plaintiff resides in this district and Facebook is located in the Northern District of California. *See* 28 U.S.C. § 1332(a). Courts in the Northern District of California could also exercise personal jurisdiction over the parties because Facebook is headquartered there and because Plaintiff agreed to submit to the personal jurisdiction of those courts for the purpose of litigating disputes with Facebook. *See* Yang Decl. ¶¶ 9, 14. Finally,

venue would be proper in the Northern District of California because Facebook's principal place of business is located there. *See* 28 U.S.C. § 1391(a)(1).

### 2. The Court Should Transfer this Case to the Northern District of California Mainly Because Plaintiff Agreed to Litigate His Claims in that District

The Court should transfer this case principally because Plaintiff entered into a binding agreement to bring his claims in the Northern District of California and because it serves the "interest of justice" to make Plaintiff abide by that agreement. 28 U.S.C. § 1404(a).

By registering for and using his Facebook account, Plaintiff—like all users—agreed to Facebook's Statement of Rights and Responsibilities, or "Statement." The Statement is a binding contract that governs Facebook's relationship with users and others who interact with Facebook. *See* Yang Decl. ¶¶ 8, 13. *See also Facebook, Inc. v. Power Ventures, Inc.*, 2010 WL 3291750, at *7 n. 20 (N.D. Cal. July 20, 2010) ("[I]n the act of accessing or using the Facebook website alone, [defendant] acceded to the Terms of Use and became bound by them."); *Miller v. Facebook, Inc.*, Civil Action No. 09-2810, slip op. at 2-8 (N.D. Ga. Jan 15, 2010) (plaintiff agreed to the forum-selection clause in Facebook's terms of service and was therefore bound by that clause; case transferred to the Northern District of California as a result) (attached as Exhibit A to the Declaration of Justin Nolan Kinney ("Kinney Decl.")).

The Statement in effect on September 24, 2010, when Plaintiff alleges his account was disabled, included the following forum-selection clause:

> You will resolve any claim, cause of action or dispute ("claim") you have with us arising out of or relating to this Statement or Facebook exclusively in a state or federal court located in Santa Clara County. The laws of the State of California will govern this Statement, as well as any claim that might arise between you and us, without regard to conflict of law provisions. You agree to submit to the personal jurisdiction of the courts located in Santa Clara County, California for the purpose of litigating all such claims.

Yang Decl. ¶ 14. Plaintiff also agreed to the exclusive jurisdiction of California courts at the time he registered for his free Facebook account. *See* Yang Decl. ¶¶ 5-9. Thus, by registering for and using his Facebook account, Plaintiff agreed to bring <u>any</u> claims against Facebook <u>exclusively</u> in the state or federal courts of California.

A party who willingly agrees to a valid forum-selection clause is bound by that clause. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 597 (1991) (enforcing forum-selection clause in a form contract offered to customers on a take-it-or-leave-it basis); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972) (contractual forum-selection clauses "are prima facie valid"); *New Moon Shipping Co. v. MAN B&W Diesel AG*, 121 F.3d 24, 29 (2d Cir. 1997) ("A forum selection clause is enforceable unless it is shown that to enforce it would be unreasonable and unjust or that some invalidity such as fraud or overreaching is attached to it.") (internal quotation marks and citation omitted); *Rescuecom Corp. v. Chumley*, 522 F. Supp. 2d 429, 448 (N.D.N.Y. 2007) (noting that "the Second Circuit has a strong policy in favor of giving effect" to forum-selection clauses) (internal quotation marks and citations omitted). That is no less true in the Internet context than elsewhere. *Cf. Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 403 (2d Cir. 2004) (enforcing terms of an online "clickwrap" agreement).[1]

Because forum-selection clauses are generally binding and enforceable, the presence of such a clause is "a significant factor that figures centrally" in determining whether a case should be transferred under 28 U.S.C. § 1404(a). *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). *See also Plastic Suppliers, Inc. v. Cenveo, Inc.*, 2011 WL 196887, at *5 (N.D.N.Y. Jan. 20, 2011) ("Indisputably, a forum selection clause agreed to by the parties should be given significant

---

[1] In fact, it may be more important to enforce forum-selection agreements in the Internet context. If online companies like Facebook cannot enter into enforceable agreements to concentrate litigation in specific fora, then they will have to spend enormous amounts of time and money litigating "in every state in this country and in nations around the globe[.]" *Miller*, Civil Action No. 09-2810, slip op. at 3 (attached as Ex. A to Kinney Decl.).

weight when deciding a motion to transfer[.]"); *Chiste v. Hotels.com L.P.*, 2010 WL 4630317, at *8 (S.D.N.Y. Nov. 15, 2010) (a forum-selection clause is entitled to "substantial consideration"); *Tech USA, Inc. v. Evans*, 592 F. Supp. 2d 852, 861 (D. Md. 2009) ("[T]he interests of justice are served by enforcing the parties' forum-selection clause, as this protects their legitimate expectations in entering the Agreement.") (internal quotation marks and citation omitted). Indeed, courts decline to transfer cases in accordance with valid forum-selection clauses only "rarely" and in light of "exceptional facts." *See P & S Business Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003) ("[T]he venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors.") (internal quotation marks and citation omitted); *Mpower Commn's Corp. v. VOIPLD, Inc.*, 304 F. Supp. 2d 473, 475 (W.D.N.Y. 2004) ("[A] party opposing enforcement of a forum selection clause must demonstrate exceptional facts explaining why he should be relieved from his contractual duty.") (internal quotation marks and citation omitted).

Here, Plaintiff willingly agreed to a valid forum-selection clause by registering for and using his Facebook account. *See* Yang Decl. ¶¶ 5-14. Plaintiff thereby entered into an enforceable agreement to litigate his claims in California. There are no exceptional facts that would justify relieving him of that contractual duty. Thus, in the interest of justice, the Court should transfer this case to the Northern District of California. *See Miller*, Civil Action No. 09-2810, slip op. at 2-8 (transferring complaint against Facebook to the Northern District of California based on a previous version of the forum-selection clause at issue here) (attached as Ex. A to Kinney Decl.).

### 3. The Court Should Also Transfer This Case to the Northern District of California Because It Is the More Convenient and Appropriate Forum

Beside the fact that Plaintiff agreed to litigate his claims in California, a host of other factors make the Northern District of California a more convenient and appropriate forum for litigating this case.

When evaluating whether transfer serves the interests of convenience and justice under 28 U.S.C. § 1404(a), courts typically consider: (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of operative facts; (4) the location of relevant documents and relative ease of access to sources of proof; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the forum's familiarity with the governing law; (7) the relative financial means of the parties; (8) the weight afforded plaintiff's choice of forum; and (9) trial efficiency, judicial economy, and the interests of justice generally. *See Herbert Ltd. P'ship*, 325 F. Supp. 2d at 285-86. *See also Atlantic Recording Corp. v. Project Playlist, Inc.*, 603 F. Supp. 2d 690, 695 (S.D.N.Y. 2009) (same).

Nearly all of those factors favor transfer. First, the Northern District of California is a much more convenient forum for potential witnesses in this case. Apart from Plaintiff, all or nearly all of the witnesses will be Facebook employees who will testify as to Facebook's policies, Facebook's practices and procedures for ensuring compliance with the Statement, and any decisions made with respect to Plaintiff's Facebook account. Those employees work and reside in the Northern District of California. *See* Yang Decl. ¶ 3. Thus, this factor strongly favors transfer. *See, e.g., Chiste*, 2010 WL 4630317 at *7 (transferring case in part because "[t]he majority of the witnesses, apart from [plaintiff]," were employees of defendant who worked at defendant's headquarters in the proposed transferee district); *Miller*, Civil Action No.

09-2810, slip op. at 7 (transferring case in part because "defendants and several potential witnesses reside in California") (attached as Ex. A to Kinney Decl.).

Second, "[c]ourts routinely transfer cases when the principal events occurred . . . in another district." *Plastic Suppliers, Inc.*, 2011 WL 196887 at *3. That is precisely the situation here. The Facebook employees who monitor and make decisions about users' accounts work at Facebook's Palo Alto headquarters. As a result, the "principal events" in this case—i.e., any decisions or actions relating to Plaintiff's Facebook account—occurred in the Northern District of California, not the Southern District of New York. *See 800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 135 (S.D.N.Y. 1994) (Florida was locus of operative facts because defendant's high-level business decisions and actual practices alleged to be unlawful occurred there). This case should be litigated where the operative facts occurred.

Third, the bulk of the documents that may be relevant in this dispute are located in California. *See* Yang Decl. ¶ 4.

Fourth, because Facebook is headquartered in the Northern District of California and all or nearly all of the potential witnesses and relevant documents are located near Facebook's headquarters, *see* Yang Decl. ¶¶ 2-4, it will be far more convenient for courts in the Northern District of California to compel the attendance of unwilling witnesses and/or compel the production of documents.

Fifth, courts in the Northern District of California are more familiar with California law. That fact strongly favors transfer because Plaintiff has agreed that the laws of California govern any claims he might have against Facebook and it appears that the core of Plaintiff's complaint is a state-law contract claim. *See, e.g.*, *Chiste*, 2010 WL 4630317 at *8 (transferring to the

Northern District of Texas in part because "Texas courts are . . . more familiar with Texas law than this court is, and Texas law governs most, if not all, of the claims in [plaintiff's] suit").

Sixth, judicial economy favors transfer. According to the Administrative Office of the United States Courts, there are substantially more civil cases pending in this district than in the Northern District of California. *See* Admin. Office of the U.S. Courts, Table C-3 at 1, 5 (June 30, 2010), http://www.uscourts.gov/Statistics/StatisticalTablesForTheFederalJudiciary/June 2010.aspx. Transferring this case will therefore maximize judicial resources. *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (district courts may consider court congestion as a factor in transfer decision).

Seventh, the fact that Plaintiff chose to file this case in New York should not weigh heavily in the Court's analysis. The importance of a plaintiff's choice of forum is significantly reduced when, as in this case, "the operative facts have few meaningful connections to the plaintiff's chosen forum." *Ayala-Branch v. TAD Telecom, Inc.*, 197 F. Supp. 2d 13, 15 (S.D.N.Y. 2002). *See also Plastic Suppliers, Inc.*, 2011 WL 196887 at *3 ("Where the operative facts of the case have little connection with the district where the suit is pending, the importance of the plaintiff's forum choice as a factor is considerably lessened."); *Fireman's Fund Ins. Co. v. Personal Commn's Devices, LLC*, 2009 WL 1973534, at *6-7 (S.D.N.Y. July 8, 2009) (same). Moreover, Plaintiff willingly agreed to litigate his claims against Facebook in California. Thus, "[b]y enforcing the contractual forum, the Court [would not] limit the plaintiff's usual right to choose its forum, but [would merely] enforc[e] the forum that the plaintiff has already chosen." *P & S Business Machines, Inc.*, 331 F.3d at 807.

To summarize: Plaintiff freely and fully agreed to litigate any claims against Facebook exclusively in the courts of California. There is no reason he should be allowed to renege on that

8

deal. Moreover, virtually every relevant factor militates in favor of transfer to the Northern District of California. The Court should transfer this case under 28 U.S.C. § 1404(a).

> **B. Plaintiff's Complaint Should Be Dismissed with Prejudice Because He Has Not and Cannot State a Viable Breach-of-Contract Claim or Discrimination Claim**

If the Court declines to transfer this case, then it should dismiss Plaintiff's complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6) because (1) even if the facts Plaintiff alleges are true, he has failed to state a viable breach-of-contract claim and (2) Plaintiff's discrimination claim is fatally vague and unsupported.

> **1. Dismissal under Federal Rule of Civil Procedure 12(b)(6)**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). *See also LaFaro v. N.Y. Cardiothoracic Group, PLLC,* 570 F.3d 471, 476 (2d Cir. 2009). Courts are "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-50 (2009) (internal quotation marks and citation omitted). Even pro se complaints must be dismissed if a generous reading fails to reveal a plausible claim. *See, e.g., Bishop v. Henry Modell & Co.*, 2009 WL 3762119, at *3 (S.D.N.Y. Nov. 10, 2009).

> **2. Plaintiff's Breach-of-Contract Claim Fails Even If the Facts He Alleges Are True**

Plaintiff alleges that he was an active user of Facebook, that he was adhering to Facebook's terms of service, and that Facebook disabled his free account "without warning or without reason" on September 24, 2010. Compl. ¶¶ 3, 4, 8. Thus, it appears that the core of Plaintiff's complaint is a breach-of-contract claim based on the theory that he agreed to comply

9

with Facebook's terms of service in exchange for access to Facebook's services, and Facebook breached that agreement by (1) terminating his free account without advance warning, (2) failing to explain why it disabled his account, and (3) refusing to reactivate his account upon request. *See* Compl. ¶¶ 3-13.  Even assuming Plaintiff's factual allegations are true—and they are not—his breach-of-contract claim fails.

Facebook's Statement governs the rights and responsibilities of Facebook and its users. *See* Yang Decl. ¶¶ 8, 13.  *See also Power Ventures,* Inc., 2010 WL 3291750 at *7 n. 20.  The version of the Statement in effect at the time Plaintiff alleges his account was disabled did not require Facebook to give Plaintiff advance warning before it disabled his account.  Nor did that version of the Statement require Facebook to explain its specific reasons for disabling Plaintiff's account.  And nothing in that Statement even suggested that Facebook was obligated to reactivate Plaintiff's account upon his request, or to follow any particular procedure for responding to Plaintiff's requests for account reactivation.  Rather, the Statement simply provided that "[i]f you violate the letter or spirit of this Statement, or otherwise create risk or possible legal exposure for us, we can stop providing all or part of Facebook to you.  We will notify you by email or at the next time you attempt to access your account." Yang Decl. ¶ 15.  Notably, Plaintiff does not allege that Facebook failed to notify him that his account was disabled.  Nor could he, as that is the only way he could know that his account was disabled.  Thus, Plaintiff fails to allege a violation of the Statement.[2]

---

[2] Although Plaintiff did not attach Facebook's Statement to his complaint, the Court may consider the Statement without converting Facebook's motion to dismiss to a motion for summary judgment because the Statement is integral to Plaintiff's breach-of-contract claim.  *See, e.g.*, *Verzani v. Costco Wholesale Corp.*, 641 F. Supp. 2d 291, 297-298 (S.D.N.Y. 2009) ("A motion to dismiss is addressed to the face of the pleadings.  However, where the claim is for breach of contract, the complaint is deemed to incorporate the contract by reference because the contract is integral to the plaintiffs' claim.") (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949

In short, even if all of Plaintiff's factual allegations are accepted as true, they do not amount to a plausible breach-of-contract claim. The Court should therefore dismiss Plaintiff's breach-of-contract claim with prejudice under Rule 12(b)(6). *See Pino v. Ryan*, 49 F.3d 51, 54 (2d Cir. 1995) ("[E]ven the generous leeway accorded pro se litigants . . . does not oblige district courts to retain complaints that are based on an indisputably meritless legal theory . . . simply because it is conceivable that facts neither alleged, nor fairly inferable from what has been alleged, might be alleged.") (internal quotation marks and citations omitted).

### 3. Plaintiff's Discrimination Claim Fails Because It Is Wholly Conclusory

In the next-to-last paragraph of his complaint, Plaintiff accuses Facebook of discriminating against him based on his religion and ethnicity. *See* Compl. ¶ 14. This off-the-cuff claim should be dismissed with prejudice because Plaintiff fails to identify a single fact that could support a discrimination claim. For example, Plaintiff does not explain how, when, or why he thinks Facebook discriminated against him based on his religion and ethnicity. In fact, Plaintiff does not even allege that Facebook had knowledge of his religion and ethnicity. Moreover, Plaintiff does not identify the law or laws under which he seeks relief. As a result, Plaintiff's complaint lacks even a "threadbare recital of the elements" of a discrimination claim. *Iqbal*, 129 S. Ct. at 1949.

In sum, Plaintiff's discrimination claim is merely "an unadorned, the-defendant-unlawfully-harmed-me accusation" which this Court need not and should not credit. *Id.* (internal

---

F.2d 42, 48 (2d Cir. 1991)); *Faulkner v. Verizon Commn's, Inc.*, 156 F. Supp. 2d 384, 391 (S.D.N.Y. 2001) ("In assessing the legal sufficiency of a claim, the court may consider those facts alleged in the complaint, documents attached as an exhibit thereto or incorporated by reference, and documents that are 'integral' to plaintiff's claims, even if not explicitly incorporated by reference.") (citations omitted).

quotation marks and citations omitted). It should be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6).

### C. If the Court Declines to Transfer this Case and Declines to Dismiss the Complaint, It Should Order Plaintiff to Provide a More Definite Statement of His Claims

If the Court denies Facebook's motion to transfer and its motion to dismiss, Facebook respectfully requests that the Court require Plaintiff to provide a more definite statement of his claims pursuant to Federal Rule of Civil Procedure 12(e). With respect to his breach-of-contract claim, Plaintiff has not identified which provisions of the Statement Facebook allegedly breached or how and when Facebook allegedly breached those provisions. Plaintiff's discrimination claim is even more mysterious. As noted above, Plaintiff provides no indication of how, when, or why he believes Facebook discriminated against him. Nor does he specify which law or laws Facebook allegedly violated. Thus, if the Court both declines to transfer this case under 28 U.S.C. § 1404(a) and declines to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6), Facebook respectfully requests that the Court order Plaintiff to provide a more definite statement of his claims so that Facebook has a reasonable opportunity to respond to those claims. *See* Fed. R. Civ. P. 12(e).

## **CONCLUSION**

For the foregoing reasons, Facebook asks that the Court transfer this case to the Northern District of California or dismiss the complaint with prejudice. Should the Court decide not to transfer or dismiss the case, Facebook asks that the Court order Plaintiff to provide a more definite statement of his claims.

                Respectfully submitted,

DATED: April 4, 2011                COUGHLIN DUFFY LLP

/s/ Justin Nolan Kinney_____
Justin Nolan Kinney (JK8531)

Wall Street Plaza
88 Pine Street, 28th Floor
New York, NY  10005
Telephone:  (212) 483-0105
Facsimile:  (212) 483-3899
*JKinney@coughlinduffy.com*